IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BREC TODD, an individual, )
resident of McIntosh County, )
Oklahoma, )
             )
      Plaintiff, )
             )
v. )  Case No. CIV-10-085-KEW
             )
CP KELCO GROUP DISABILITY )
INCOME INSURANCE PLAN; and )
HARTFORD LIFE & ACCIDENT )
INSURANCE COMPANY, )
             )
      Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Protective Order (Docket Entry #26). For the purpose of ruling on this Motion, the facts as alleged in the Complaint will be briefly recited for background. Plaintiff Brec Todd ("Todd") was employed by CP Kelco and was a participant in an employee welfare benefit plan known as the CP Kelco Group Disability Income Insurance Plan (the "Plan"). It is admitted the Plan is ERISA qualified. Defendant Hartford Life & Accident Insurance Company ("Hartford") acted as both insurer and administrator of the Plan.

The Plan included short-term and long-term disability insurance components. On October 29, 2005, Todd suffered a dissection of his ascending aorta and underwent surgery. He did not return to work. Todd filed for short term benefits, which were paid by Hartford under the Plan. Todd then alleges he became eligible for long-term benefits which were paid by Hartford for a

time. Hartford then determined Todd was no longer eligible and the long-term benefits were discontinued. Todd's appeal of the denial of benefits was denied.

Todd alleges in this action that Hartford's decision was arbitrary and capricious and should be reversed. Todd has also suggested that Hartford has an inherent conflict of interest while acting in the capacities of both the administrator of the plan, making decisions on the eligibility of participants for benefits, and as the insurer, responsible for the payment of benefits.

Todd has served Hartford with written discovery in this case. Todd's counsel has also informed Hartford's attorneys that she plans to conduct depositions in this case. Hartford has filed the subject request for a protective order, contending that since matters outside of the record cannot be considered in an administrative review of a decision made on the award of benefits under ERISA, discovery is inappropriate.

It is generally recognized that "in reviewing a plan administrator's decision under the arbitrary and capricious standard, the federal courts are limited to the administrative record." Weber v. GE Group Life Assurance Co., 541 F.3d 1002, 1011 (10th Cir. 2008). The Tenth Circuit, however, has recently addressed the propriety of conducting discovery in certain circumstances in these ERISA cases. Specifically, the United States Supreme Court case of Metropolitan Life Ins. Co. v. Glenn,

128 S.Ct. 2343 (2008) caused the Tenth Circuit to re-examine discovery in cases where a plan administrator serves in a dual role as the insurer of the plan as well. In Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151 (10th Cir. 2010), the court recognized that when an administrator "operates under a dual role conflict of interest, the district court must always weigh the conflict of interest in its abuse of discretion analysis, but it must allocate the conflict more or less weight depending on its seriousness." Id. at 1157-58 citing Weber, 541 F.3d at 1010. The Tenth Circuit concluded discovery on the issue of the nature and extent of any conflict of interest was necessary because "a claimant may not have access to the information necessary to establish the seriousness of the conflict" and "the administrator may not be fully able to rebut a claim of conflict by showing it 'has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances.'" Murphy, 619 F.3d at 1158 citing Glenn, 128 S.Ct. at 2351.

The Tenth Circuit ultimately determined the Supreme Court in Glenn "must have contemplated that, at least in some cases, discovery and consideration of extra-record materials may be necessary and appropriate as an administrative record is not likely to contain the details of a history of biased administration of claims. . . ." Id. at 1161. The court concluded, therefore, that

3

discovery in dual role conflict of interest cases is appropriate in some cases.

The extent of the discovery is also discussed by the Tenth Circuit in <u>Murphy</u>. The court reaffirmed the application of Fed. R. Civ.P. 26(b) to any such discovery but also included the admonition that "neither the claimant nor an administrator should be allowed to use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim. <u>Id</u>. at 1162-63. The court also enumerated several factors to consider before allowing broad discovery. The discovery must be relevant and cannot serve as "a license to engage in an unwieldy, burdensome, and speculative fishing expedition." <u>Id</u>. at 1163. Discovery on the conflict of interest issue must be necessary. If the conflict is readily apparent from a review of the administrative record, such as showing a lack of thoroughness before making a decision, discovery may not be required. Discovery may also not be warranted if the substantive evidence demonstrates that the denial of the claim was so well-supported and one-sided that it would not change even after giving full weight to the conflict. <u>Id</u>. 1163-64.

In order to determine the propriety in this case, this Court has made a cursory review of the administrative record which the parties submitted with the subject motion. The record does not contain detail on Hartford's financial interest in the outcome, any insulation of its administrative from its financial functions, and

the "seriousness" of Hartford's conflict. Accordingly, limited discovery will be permitted to ascertain the potential effect of Hartford's conflict of interest on the decision made in this case. The issue of extra-record supplementation to include evidence developed through this discovery, should any be sought to be interjected in to the record, will be decided after the restricted discovery has concluded.

This Court now turns to Todd's specific discovery requests made in this case. Hartford states it has provided verified responses to Todd's Interrogatory Nos. 3, 4, and 10 and Request for Production No. 2. It also answered Interrogatory No. 1. Hartford also contends it responded to Interrogatory Nos. 2, 8, and 9 and Request for Production Nos. 1 and 4 to the extent that the information sought is contained in the administrative record. This Court agrees that these Interrogatories are redundant of the information contained in the administrative record. Hartford apparently contends no information outside of the administrative record exists which is responsive to the referenced Requests for Production.

Hartford asserts Interrogatory Nos. 6, 7, and 8 are impermissible in this ERISA action as the requests address Hartford's handling of Todd's claim. This Court agrees. The information sought is foreclosed by the restriction of the administrative review of Todd's claim to the record before Hartford

at the time the decision was made. This Court can perceive of no information that could be derived from these requests which would bear on the issue of Harford's conflict of interest and, as such is the case, they will be disallowed.

With regard to Interrogatory Nos. 5 and 11 and Request for Production No. 5, this Court agrees with Hartford that the information sought would not be calculated to lead to the discovery of admissible evidence and would not be relevant to the limited issues reserved for discovery. Hartford's review of other long term disability claims and the resulting decisions are not matters which would be calculated to determine whether Hartford had a conflict of interest in Todd's case. As a result, Hartford's request for a protective order as to this discovery is granted.

Request for Production No. 3 seeks "[a] copy of any claim processing manual used by Defendant during the last five years, including amendments or supplements." While Hartford contends this request seeks information outside the scope of that allowed in an ERISA case, this Court can perceive the possibility that the manual could be reasonably calculated to lead to the discovery of information relevant to Hartford's dual role conflict of interest. Todd's request for the manuals over the last five years, however, appears to take the possible relevancy far afield. Hartford shall be required to produce the manual, with any amendments or supplements, which was in effect when the final decision on Todd's

at the time the decision was made. This Court can perceive of no information that could be derived from these requests which would bear on the issue of Harford's conflict of interest and, as such is the case, they will be disallowed.

With regard to Interrogatory Nos. 5 and 11 and Request for Production No. 5, this Court agrees with Hartford that the information sought would not be calculated to lead to the discovery of admissible evidence and would not be relevant to the limited issues reserved for discovery. Hartford's review of other long term disability claims and the resulting decisions are not matters which would be calculated to determine whether Hartford had a conflict of interest in Todd's case. As a result, Hartford's request for a protective order as to this discovery is granted.

Request for Production No. 3 seeks "[a] copy of any claim processing manual used by Defendant during the last five years, including amendments or supplements." While Hartford contends this request seeks information outside the scope of that allowed in an ERISA case, this Court can perceive the possibility that the manual could be reasonably calculated to lead to the discovery of information relevant to Hartford's dual role conflict of interest. Todd's request for the manuals over the last five years, however, appears to take the possible relevancy far afield. Hartford shall be required to produce the manual, with any amendments or supplements, which was in effect when the final decision on Todd's

long term disability claim was made by the plan administrator.

IT IS THEREFORE ORDERED that Defendants' Motion for Protective Order (Docket Entry #26) is hereby **DENIED** to the extent Defendants sought to foreclose all discovery in this case. Limited discovery on the issue of any conflict of interest Defendant Hartford Life & Accident Insurance Co. may have in its dual role as plan administrator and insurer will be permitted.

IT IS FURTHER ORDERED that in relation to Plaintiff's specific discovery requests, Defendants' Motion is hereby **GRANTED** as to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 as well as Request for Production Nos. 1, 2, 4, and 5, except to the extent that Defendants have already produced verified responses to these requests. The Motion is hereby **DENIED** as it pertains to Request for Production No. 3. Defendant Hartford shall produce the manual to Plaintiff no later than **MARCH 16, 2011**.

IT IS FURTHER ORDERED that discovery will be permitted solely on Hartford's conflict of interest in the specific administration of Plaintiff's claim for benefits until **APRIL 29, 2011**.

IT IS FURTHER ORDERED that the parties shall provide the Court and opposing counsel with any extra-record evidence concerning Hartford's conflict of interest by **MAY 31, 2011**. Objections to any of the extra-record evidence shall be filed by **JUNE 15, 2011**.

IT IS FURTHER ORDERED that the parties shall simultaneously file their briefs-in-chief concerning the administrative review of

Defendant's decision on Plaintiff's claim no later than **JULY 29, 2011**. Responsive briefs may be filed thereafter by **AUGUST 12, 2011**.

IT IS SO ORDERED this 1st day of March, 2011.

*Kimberly E. West*
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE